IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEEMAC SERVICES, LLC,

<em>Plaintiff,</em>

v.

REPUBLIC STEEL,

<em>Defendant.</em>

Civil Action No. 2:20-cv-1466

Hon. William S. Stickman IV

## <u>MEMORANDUM OPINION</u>

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Deemac Services, LLC ("Deemac") filed suit against Defendant Republic Steel ("Republic") for its alleged failure to pay Deemac for transportation services. (ECF No. 5-1). Deemac requests relief for breach of contract (Count I), unjust enrichment (Count II), account stated (Count III), fraudulent inducement (Count IV), and negligent misrepresentation (Count V). Presently before the Court are Deemac's Motion for Partial Summary Judgment and Republic's Motion for Partial Summary Judgment. (ECF Nos. 53, 54). For the reasons set forth below, Deemac's Motion for Partial Summary Judgment (ECF No. 54) will be granted, and Republic's Motion for Partial Summary Judgment (ECF No. 53) will be granted in part and denied in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Deemac is a professional trucking and logistics company that provides transportation services to customers in various industries throughout North America. (*See* ECF No. 5-1, ¶ 5; ECF No. 55, ¶ 1). Beemac, Inc. ("Beemac") is a related company that provides similar services. (ECF No. 55, ¶ 2). Deemac and Republic had a business relationship from around 2013 or 2014

1

until July 2020, and Beemac and Republic had a business relationship from at least 2009 until July 2020. (*Id.* ¶¶ 3, 4).

Republic "entered into agreements with Deemac in 2019 and 2020 for flatbed truck load shipment services." (ECF No. 16, ¶¶ 10-11). These agreements were initiated in early 2019 when Deemac responded to a Request for Quotation ("RFQ") from Republic regarding transportation services for specific routes for April 1, 2019, through March 31, 2020. (ECF No. 64, ¶ 2). In early 2020, Beemac responded to a similar RFQ from Republic regarding transportation services for specific routes for April 1, 2020, through March 31, 2021. (*Id.* ¶ 5). Deemac claims that Beemac's response was on behalf of both Beemac and Deemac. (ECF No. 61, ¶ 5). Republic did not have a formal contract with Deemac for a specified quantity or at a specified rate. (ECF No. 55, ¶ 9; ECF No. 61, ASOMF[1] ¶ 3). "During this time, Deemac and Republic sometimes used the lane rates that Deemac provided in its response to the RFQ. Other times, however, Republic and Deemac negotiated different rates or terms in meetings, by phone, or through email." (ECF No. 64, ¶¶ 4, 6). According to the testimony of Elizabeth Evans ("Evans"), Republic's General Counsel, Executive Vice President, and Secretary, Republic "had 'multiple agreements at all times going' with Beemac and Deemac with respect to different shipments to be transported on certain lanes." (ECF No. 55, ¶ 8) (quoting ECF No. 56-4, p. 24).

Republic would issue a bill of lading for each transported load in 2019 and 2020. (ECF No. 5-1, ¶ 10; ECF No. 61, ASOMF ¶¶ 5, 7). These bills of lading did "not contain any shipping costs to be charged by Deemac, including lane rates, tarping fees, fuel surcharges, after hours

---

[1] ECF No. 61 includes Deemac's Response to Republic's Concise Statement of Material Facts as well as Deemac's Additional Statement of Material Facts. To make clear which portion is being cited, the Court will use the abbreviation "ASOMF" when referring to the "Additional Statement of Material Facts" portion.

delivery fees, or detention charges." (ECF No. 64, ¶ 13; *see* ECF No. 56-3, pp. 25-26). After Deemac transported a shipment on behalf of Republic, it would submit an invoice to Republic. (ECF No. 61, ASOMF ¶ 7). The invoices submitted by Deemac to Republic generally contained the following fields: Shipper, Consignee, Bill to, Description of Shipment Charges, Weight of Shipment (and Minimum Weight, if applicable), Units Shipped, Rate, Charges, Due Date, and Total. (ECF No. 64, ¶ 16). The invoices were on Deemac letterhead and were not signed by Republic or Deemac. (*Id.* ¶¶ 15, 17). It is undisputed that Deemac performed some of the transportation services reflected in the invoices that Deemac submitted to Republic. (ECF No. 65, ¶ 9).

Based on bills of lading and invoices identifying 3,193 orders, Deemac produced a Damages Spreadsheet, stating that Republic owed $1,703,531.29, exclusive of interest, for services provided in 2019 and 2020. (ECF No. 56-6). Republic employee, April Lewis reviewed Deemac's Damages Spreadsheet and determined that Republic owed Deemac $1,255,221.51 for services it provided in 2019 and 2020. (ECF No. 61, ASOMF ¶ 17; ECF No. 56-4, p. 69). According to Republic's records, "[t]he $1,255,221.51 amount that Republic admits it owes to Deemac corresponds with 2,020 of the 3,193 orders set forth on Deemac's Damages Spreadsheet." (ECF No. 55, ¶ 25; *see* ECF No. 61, ASOMF ¶ 16). On July 1, 2020, Deemac employee Loren Dworakowski ("Dworakowski") informed Republic that Beemac and Deemac required a $500,000 partial payment. (ECF No. 61, ASOMF ¶ 12). In response to Dworakowski's request, "Evans did not challenge the total amount debt [sic] or any of the underlying amounts invoiced by Deemac but, rather, proposed a $250,000 partial payment." (*Id.* ¶ 13). Republic never made a partial payment of either $500,000 or $250,000 to Beemac or Deemac. (*See* ECF No. 55, ¶ 39). Shortly

thereafter, in July 2020, Republic stopped making any payments to Deemac and stopped conducting business with Deemac. (ECF No. 61, ASOMF ¶ 15; ECF No. 55, ¶¶ 28, 29).

Deemac filed suit against Republic in the Court of Common Pleas of Beaver County, Pennsylvania, requesting relief for Republic's alleged failure to pay Deemac for transportation and shipping services performed in 2019 and 2020. (ECF No. 5-1). Deemac requests relief under the following state law causes of action: Count I: breach of contract; Count II: unjust enrichment; Count III: account stated; Count IV: fraudulent inducement; and Count V: negligent misrepresentation. (*Id.*). Republic removed the action to this court under 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1, p. 1). Republic then filed a Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 4) under Federal Rule of Civil Procedure 12(b)(2), which the Court denied. (ECF No. 13). On June 3, 2021, Republic filed its Answer to the Complaint, asserting ten affirmative defenses. (ECF No. 16).

After discovery concluded, both parties filed motions for partial summary judgment. (ECF Nos. 53, 54). Deemac seeks summary judgment in the amount of $1,255,221.51—the amount Republic admits it owes—at Count I for breach of contract. (ECF No. 54). Deemac also requests summary judgment against Republic on any purported counterclaim or affirmative defense based on an offset theory, and on Republic's Fourth Affirmative Defense for accord and satisfaction. (ECF No. 54). Republic moves for summary judgment on the unsubstantiated $448,309.78 contained in Deemac's Count I claim for breach of contract. (ECF No. 53). Republic also seeks summary judgment on Deemac's remaining claims for unjust enrichment (Count II); account stated (Count III); fraudulent inducement (Count IV); and negligent misrepresentation (Count V). (*Id.*).

## II.   LEGAL STANDARD

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material if it must be decided to resolve the substantive claim or defense to which the motion is directed.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The Court must view the evidence presented in the light most favorable to the nonmoving party.  *Id.* at 255.  It refrains from making credibility determinations or weighing the evidence.  *Id.*  "[R]eal questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof" will defeat a motion for summary judgment.  *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).  "When both parties move for summary judgment, '[t]he court must rule on each party's motion on an individual and separate basis, determining for each side whether a judgment may be entered in accordance with the Rule 56 standard.'"  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (quoting 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2720 (3d ed. 2016)).

A motion for partial summary judgment is reviewed under the same standard as a motion for full summary judgment.  *Pettengill v. United States*, 867 F. Supp. 380, 381 (E.D. Va. 1994).  "Partial" refers to less claims than all, not less than all elements within a particular claim.  A court cannot grant a motion for partial summary judgment on a particular fact or element of a claim.  *Franklin-Mason v. Penn*, 259 F.R.D. 9, 11 (D.D.C. 2009).  Motions for partial summary judgment are generally disfavored because they lead to orders that are final but unappealable until final adjudication.  They are only permitted where they are in the interest of justice and judicial

economy. *RePass v. Vreeland*, 357 F.2d 801, 805 (3d Cir. 1966) (citing *Panichella v. Penn. R. Co.*, 252 F.2d 452 (3d Cir. 1958)).

## III.   ANALYSIS

### A.   Deemac's Motion for Partial Summary Judgment

1.   Count I: Breach of Contract

At Count I, Deemac brings a breach of contract claim, alleging that Republic owes $1,703,531.29 for transportation services Deemac provided to Republic in 2019 and 2020. After comparing Deemac's records with its own, Republic acknowledged that it failed to pay $1,255,221.51 to Deemac for the services provided in 2019 and 2020, but disputes that it owes the remaining $448,309.78. (*See* ECF No. 65, ¶ 10). Deemac moves for partial summary judgment on its breach of contract claim only with respect to the $1,255,221.51 that Republic admits it owes to Deemac. As such, in deciding Deemac's motion for partial summary judgment, the Court will address Deemac's breach of contract claim only as it relates to the undisputed $1,255,221.51.

To establish its breach of contract claim for the undisputed $1,255,221.51, Deemac must sufficiently allege the following: (1) formation of a valid contract, (2) breach of that contract, and (3) damages suffered from the breach. *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010). Republic acknowledges "that it entered into valid agreements with Deemac with respect to the 2,020 invoices totaling $1,255,221.51." (ECF No. 58, p. 4). It is undisputed that Deemac provided transportation services for 2,020 orders in 2019 and 2020 pursuant to those valid agreements, and that Republic failed to pay Deemac $1,255,221.51 for those services. (*See* ECF No. 59 ¶ 7; ECF No. 55, ¶ 25; ECF No. 61, ASOMF ¶ 16). Thus, Republic clearly breached its contract with Deemac by failing to pay for services Deemac provided pursuant to a valid contract.

It is similarly clear that Deemac suffered damages of at least $1,255,221.51—the amount Republic failed to pay under the parties' valid contract—as a result of Republic's breach.

Given the undisputed facts, the Court is satisfied that there is no genuine issue of material fact related to Deemac's breach of contract claim for the amount that Republic admits that it owes. The total amount Republic agreed to pay Deemac under the parties' agreements is still disputed, but there is no dispute that Republic breached its contract with Deemac as it relates to the uncontested 2,020 orders which total $1,255,221.51. It is undisputed that the parties entered into valid oral contracts for those orders; that Republic breached those contracts by failing to pay Deemac for those orders; and that Deemac suffered damages from that breach in the amount of $1,255,221.51. Thus, the Court will grant Deemac's motion for partial summary judgment (ECF No. 54) on its breach of contract claim, but only with respect to the $1,255,221.51 that Republic admits that it owes.

2. Republic's Fourth Affirmative Defense: Accord and Satisfaction

As its Fourth Affirmative Defense, Republic asserts that "[t]he claims against Republic are barred, in whole or in part, by the doctrine of accord and satisfaction." (ECF No. 16, Fourth Affirmative Defense). "An accord and satisfaction is a substitute contract between a debtor and creditor for the settlement of a debt by some alternative performance other than full payment of the debt." *Fleming v. CNA Ins. Co.*, 52 F. Supp. 2d 499, 502 (E.D. Pa. 1999) (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 147 (3rd Cir.1999)). The essential elements of accord and satisfaction are: "(1) a disputed debt (2) a clear and unequivocal offer of payment in full satisfaction and (3) acceptance and retention of payment by the offeree." *Id.* Deemac argues that it is entitled to summary judgment on Republic's Fourth Affirmative Defense for accord and satisfaction because Republic has failed to establish either of the latter two elements.

Republic claims that "after various attempts to reconcile the amount due for 2019 to both Beemac and Deemac, the parties mutually agreed that $500,000 would satisfy the 2019 accounts in full." (ECF No. 56-9, ¶¶ 6-8, 10, 12). "Deemac disputes the existence and validity of this purported agreement[.]" (ECF No. 57, p. 13). This alleged agreement was not put into writing and Republic did not seek a release from Beemac or Deemac as part of the purported agreement. (ECF No. 55, ¶¶ 37, 38). The Court holds that the existence and validity of this agreement is a disputed issue of material fact.

Further, even if the purported agreement did exist, Republic must still show "acceptance and retention of payment" for the $500,000. Republic admits, however, that it "never made payment of $500,000 to resolve the amounts that Republic owed to Beemac and Deemac for services Beemac and Deemac rendered to Republic in 2019[.]" (ECF No. 55, ¶ 39) (citing ECF No. 56-4, p. 115). Thus, Republic has failed to provide evidence such that a reasonable jury could find that it satisfied the final element of accord and satisfaction—paying the agreed upon amount to satisfy the debt. The facts of record fatally undermine Republic's claim of accord and satisfaction. Deemac's motion for partial summary judgment (ECF No. 54) as it relates to Republic's Fourth Affirmative Defense of accord and satisfaction will be granted.

3. Republic is Not Entitled to Offset the Amount it Owes Deemac

During discovery, Republic stated that "the total amounts due and owing [to Deemac] are in dispute, at least in part, due to the offset owed to Republic related to Deemac's breach of the oral contract with Republic to provide one-way transportation to Republic's Lackawanna facility for $750.00 per load." (ECF No. 56-9, ¶¶ 6-8, 10, 12). Republic did not, however, assert any affirmative defense or counterclaim in this action relating to the alleged breach of the Lackawanna facility agreement. Instead, Republic has filed a separate action against Beemac and Deemac in

the United States District Court for the Northern District of Ohio for the alleged breach of the Lackawanna facility agreement. (ECF No. 55, ¶¶ 33-34).

Republic could have asserted a counterclaim in this case for Deemac's alleged breach of the Lackawanna facility agreement, but it chose not to.  It cannot, at the summary judgment stage, pursue a new cause of action related to its offset theory. *See Anchor Motor Freight, Inc. v. Ranger Nationwide, Inc.*, 694 F. Supp. 1198, 1199 (W.D. Pa. 1988) ("[S]et-offs will not be permitted if late because a set-off, in effect, raises a new cause of action."); *Harris v. Vitran Express, Inc.*, No. 2:14-CV-00704-CRE, 2016 WL 6495995, at *6 (W.D. Pa. Nov. 2, 2016) (holding that defendant "never asserted a breach of contract claim against Plaintiff for failing to perform under the agreements and has waived any claim it seeks to assert here."); *Harmer v. Hulsey*, 467 A.2d 867 (Pa. Super. 1983).  Republic also could have asserted an affirmative defense based on its offset theory, but chose not to; thus, waiving its right to assert such a defense. *See Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991) ("Failure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense."); *Harris,* 2016 WL 6495995, at *6 ("[Defendant] has not raised rescission as an affirmative defense and the issue is waived.").

At this stage, the Court cannot allow Republic to assert a new claim or affirmative defense based on allegations that were absent from Republic's pleadings or motions.  This is especially true in light of Republic pursuing a separate claim for damages—currently pending in the Northern District of Ohio—based on the same allegation that Beemac and Deemac breached the Lackawanna facility agreement.  To allow Republic to raise its offset theory at this stage—as an independent claim or as an affirmative defense—while it pursues a separate claim for damages under the same theory in the Northern District of Ohio would create the potential for double

recovery and would be fundamentally unfair.  To the extent that Republic is attempting to pursue an offset claim or defense relating to Deemac's alleged breach of the Lackawanna facility agreement, it is barred from doing so in this lawsuit.

## B. Republic's Motion for Partial Summary Judgment

The Court next turns to Republic's motion for partial summary judgment.  (ECF No. 53). Republic seeks summary judgment on the remaining $448,309.78 contained in Deemac's breach of contract claim (Count I).  Republic also seeks summary judgment on Deemac's other claims for unjust enrichment (Count II); account stated (Count III); fraudulent inducement (Count IV); and negligent misrepresentation (Count V).  Having granted Deemac's motion for partial summary judgment (ECF No. 54) on its breach of contract claim for the $1,255,221.51 that Republic admits that it owes, the remaining analysis will address Deemac's claims only as they relate to the $448,309.78 that remains in dispute.

1. <u>Count I: Breach of Contract</u>

Republic moves for partial summary judgment on Deemac's breach of contract claim (Count I) as it relates to the remaining $448,309.78 in dispute.  To establish a breach of contract claim under Pennsylvania law, Deemac must establish: (1) that an enforceable contract existed, (2) that Republic breached that contract, and (3) that Deemac suffered damages as a result of that breach.  *McShea,* 995 A.2d at 340.  Republic has taken two contrary positions on the existence of a valid contract as it relates to the disputed $448,309.78.  In its opposition to Deemac's motion for partial summary judgment, Republic stated that it "absolutely disputes that the parties ever formed valid agreements underlying Deemac's demand for payment for the unconceded $448,309.78." (ECF No. 58, p. 2).  For purposes of Republic's motion for partial summary judgment, however, Republic takes the position that the existence of a "binding oral contract" is undisputed and that

"[t]he only dispute regarding the terms of the oral agreement pertains to the amount that Republic agreed to pay Deemac."  (ECF No. 53-1, p. 23).

Despite this, Republic's argument in support of its motion for partial summary judgment on Deemac's breach of contract claim—without explicitly saying so—centers on challenging the existence of an enforceable contract between the parties for the remaining $448,309.78.  "A contract is enforceable when the parties reach mutual agreement, exchange consideration, and have set forth the terms of their bargain with sufficient clarity." *Great N. Ins. Co. v. ADT Sec. Servs., Inc.*, 517 F. Supp. 2d 723, 736 (W.D. Pa. 2007) (footnotes omitted) (citing *J.W.S. Delavau, Inc. v. Eastern Am. Transp. & Warehousing, Inc.*, 810 A.2d 672, 681 (Pa. Super. 2002)).  Republic argues that summary judgment should be granted on Deemac's breach of contract claim for the disputed $448,309.78 because "Deemac is unable to establish with any certainty whatsoever that Republic agreed to the alleged pricing terms."  (ECF No. 53-1, p. 14).  In other words, Republic disputes that Deemac has established mutual agreement between the parties relating to the $448,309.78. Additionally, in arguing its motion for partial summary judgment on Deemac's breach of contract claim, Republic challenges whether the parties set forth the terms of the agreement with sufficient clarity.  "An agreement is sufficiently definite if the parties intended to contract with each other and if a reasonably certain basis exists upon which a court could grant an appropriate remedy." *Geisinger Clinic v. DiCuccio*, 606 A.2d 509, 512 (Pa. Super. 1992).  By arguing that the price terms of the alleged agreement are so unclear that "there is no basis to determine the existence of a breach, let alone damages[,]" Republic is directly challenging the enforceability of the parties' agreement.  (ECF No. 53-1, p. 14).

Regardless of the conflicting positions taken by Republic, if the evidence establishes that no enforceable contract was formed—either because Republic did not agree to pay the amounts

set forth in the invoices or because the terms were not sufficiently clear—such that no reasonable jury could find otherwise, entry of summary judgment in favor of Republic on Deemac's breach of contract claim would be appropriate.  As Republic points out, Deemac's unpaid invoices, on their own, do little to establish that Republic agreed to the terms therein.  However, "Pennsylvania law follows the objective theory of contracts and therefore, looks to the parties' outward manifestations in determining whether they agreed to the terms of the agreement."  *Great N. Ins. Co.*, 517 F. Supp. 2d at 740.  When dealing with an oral contract, "courts must look to surrounding circumstances and the course of dealings between the parties, to ascertain the intention of the parties."  *Westinghouse Elec. Co. v. Murphy, Inc.*, 228 A.2d 656, 659 (Pa. 1967) (internal citations omitted).

The record contains evidence regarding the parties' conduct and general course of dealing, which was developed throughout the parties' business relationship that began in 2013 or 2014.[2] The evidence in the record indicates that the parties generally formed informal agreements, usually over the phone or email, for Deemac to provide transportation services to Republic.  (ECF No. 61, ASOMF ¶ 3).  A bill of lading would then be issued to a Deemac driver, which allowed the driver to proceed with the shipment.  (ECF No. 65, ¶ 5).  "After transporting a shipment, Deemac would generate an invoice corresponding to the bill of lading and delivered shipment and then submit the invoice to Republic."  (ECF No. 61, ASOMF ¶ 7).  The extent to which this normal course of dealing was followed for each shipment in 2019 and 2020 is in dispute.  Most notably, Republic denies that the parties always reached an agreement on the rate before Deemac agreed to transport

---

[2] Republic urges the Court to take judicial notice of the contents of a declaration of Dworakowski submitted by Beemac and Deemac in a separate action pending in the Northern District of Ohio. (ECF No. 66-1).  The Court declines to do so because that declaration is not part of the summary judgment record and because the litigation pending in the Northern District of Ohio concerns different contracts, different services, and different circumstances from those in the present matter.

the shipment.  (ECF No. 65, ¶ 4).  Deemac claims (and Republic disputes) that rates were always agreed upon prior to the issuance of the bill of lading.  (ECF No. 5-1, ¶ 10; ECF No. 56-7, p. 6).  According to Deemac, Republic issuing a bill of lading established acceptance of Deemac's rate.  (ECF No. 56-7, p. 6).  Deemac also argues that Republic's conduct indicates an acceptance of the terms in those invoices.  Specifically, Deemac argues that Republic's continued acceptance of Deemac's services—without objection to its invoices—indicates an acceptance of the terms in those invoices.

Generally, "what was said and done by the parties as well as what was intended by what was said and done by them are questions of fact."  *GMH Assocs., Inc. v. Prudential Realty Grp.*, 752 A.2d 889, 897 (Pa. Super. 2000) (internal quotations omitted); *see also Great N. Ins. Co.*, 517 F. Supp. 2d at 740–41 ("Resolution of this issue ordinarily requires findings of fact which would preclude entry of summary judgment.").  Thus, determining whether the parties reached a mutual agreement—and thus, established an enforceable contract—will require the resolution of factual questions.  Based on this evidence regarding the parties' normal course of dealing, the parties' conduct, and the parties' intent, a reasonable jury could find that Republic agreed to pay the invoices that make up the $448,309.78 that remains in dispute.  Because a genuine issue of material fact exists, the Court will deny Republic's motion for partial summary judgment (ECF No. 53) on Deemac's breach of contract claim for the remaining $448,309.78.

2.  <u>Count II: Unjust Enrichment</u>

Republic next moves for summary judgment on Deemac's unjust enrichment claim (Count II).  Republic first argues that the unjust enrichment claim cannot proceed because a valid contract exists between the parties.  Republic also argues, in the alternative, that Deemac's unjust

enrichment claim should not survive summary judgment because Deemac has failed to establish an element of that claim.

    *a.   Deemac's Unjust Enrichment Claim Can Proceed in Light of the Parties' Alleged Oral Agreement*

Republic argues that summary judgment should be granted in its favor on Deemac's unjust enrichment claim (Count II) because an oral contract existed between the parties and under Pennsylvania law, unjust enrichment claims cannot survive where a contract exists.  Indeed, "it has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract[.]" *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006).  Because an oral contract can still be an "express contract," the rule applies equally to relationships governed by valid oral agreements.  *See Langer v. Cap. One Auto Fin.*, 855 F. App'x 828, 832 (3d Cir. 2021) (affirming district court's grant of summary judgment on unjust enrichment claim because parties were bound by a valid oral contract); *Flowers v. Connect America.com, LLC*, No. CIV.A. 12-4787, 2014 WL 4762643, at *12 (E.D. Pa. Sept. 24, 2014) (granting summary judgment on plaintiff's unjust enrichment claim because "a valid oral contract, which is supported by consideration, existed between the parties.").  When there is a dispute over the existence of a valid contract, however, a claim for unjust enrichment can be pursued as an alternative to a breach of contract claim.  *See Companies, Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 265 (E.D. Pa. 2007); *CNX Midstream Devco I LP v. Applied Constr. Sols., Inc.*, No. CV 20-0290, 2021 WL 3930688, at *8 (W.D. Pa. Sept. 2, 2021); *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa. Super. 2009).

    Republic argues that Deemac had the right to *plead* unjust enrichment as an alternative, "but at the summary judgment stage Deemac has to pick a lane."  (ECF No. 66, p. 9).  To support this argument, Republic points to two opinions—*Wall v. Altium Grp., LLC*, 384 F. Supp. 3d 561

(W.D. Pa. 2019) and *L.P.P.R., Inc. v. Keller Crescent Corp.*, No. CIV.A. 10-2872, 2011 WL 4549612 (E.D. Pa. Sept. 30, 2011)—granting summary judgment on unjust enrichment claims that were pled in the alternative to breach of contract claims.  These opinions, however, were not decided based on a requirement that the plaintiff choose between their breach of contract claim and unjust enrichment claim at the summary judgment stage; but because, in both cases, the existence of a valid contract was not disputed by the time of summary judgment.  The crucial question in determining whether a claim for unjust enrichment can be sustained as an alternative to a breach of contract claim—regardless of the stage of litigation—is whether a valid contract exists.

For purposes of deciding Republic's motion for summary judgment as to Deemac's unjust enrichment claim, the Court must determine whether there is a genuine issue of material fact relating to the existence or validity of a contract for the remaining $448,309.78 at issue.  In deciding Republic's motion for partial summary judgment on Deemac's breach of contract claim for the disputed $448,309.78, the Court has already held that—based on evidence of the parties' conduct and course of dealing—a genuine issue of material fact exists over whether Republic and Deemac entered into a valid contract for the remaining $448,309.78.  *See supra* Section III.B.1. Because there is a genuine dispute over the existence of a valid contract for the remaining amount, Deemac may pursue its unjust enrichment claim as an alternative theory of recovery.  Of course, Deemac cannot recover on both claims.  *See Lugo,* 967 A.2d at 970.  Deemac may only recover on its unjust enrichment claim if it is determined that the parties did not enter into a valid contract for the $448,309.78 in question.  If, at trial, the jury determines that a valid contract did exist for the disputed amount, Deemac will not be permitted to recover on its unjust enrichment claim.

### b. *Deemac Has Sufficiently Established the Elements of Unjust Enrichment*

Republic also argues that Deemac's claim for unjust enrichment (Count II) should not survive summary judgment because Deemac failed to establish an essential element of its claim. "The elements necessary to prove that a party is entitled to recovery on the basis of the equitable doctrine of unjust enrichment are: (1) benefits conferred on one party by another; (2) appreciation of such benefits by the recipient; and (3) acceptance and retention of these benefits in such circumstances that it would be inequitable for the recipient to retain the benefits without payment of value." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 277 (3d Cir. 2007). Republic argues that Deemac has failed to establish the third element: "that Republic accepted benefits conferred by Deemac—i.e., the trucking services—under circumstances inequitable for Republic to retain the benefit of without compensation." (ECF No. 53-1, p. 23).

To establish the third element of its unjust enrichment claim, Deemac must show that it has a "reasonable expectation of payment" from Republic for services Deemac provided, and that it would be unconscionable for Republic to receive the benefit of Deemac's services without payment. *See Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987); *King of Prussia Equip. Corp. v. Power Curbers, Inc.*, 158 F. Supp. 2d 463, 467 (E.D. Pa. 2001), aff'd, 117 F. App'x 173 (3d Cir. 2004). Republic argues that Deemac has failed to provide evidence to establish a reasonable expectation of payment. It cites *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. 2006), in which the Superior Court of Pennsylvania affirmed summary judgment of an unjust enrichment claim because the appellant provided no evidence that he requested payment at the relevant times. Here, however, Deemac has provided a Damages Spreadsheet and corresponding invoices that it submitted to Republic. These invoices clearly serve as evidence that Deemac requested compensation for the transportation services it performed.

Republic goes on to argue that, even if Deemac requested compensation by submitting invoices, it has provided no evidence that Republic ever agreed to pay those invoices. According to Republic, "Deemac's self-serving allegation that it is entitled to additional payment, accompanied by no corroborating evidence showing that Republic ever promised to pay this higher amount, does not create a material question of fact on the third element of Deemac's unjust enrichment claim." (ECF No. 66, p. 12). For support, Republic points to *Fabian v. Shenkan*, 443 F. Supp. 3d 590 (W.D. Pa. 2020) and *Williams v. Zhou*, No. 20-2363, 2021 WL 4305032 (3d Cir. Sept. 22, 2021), where unjust enrichment claims were dismissed on summary judgment for failing to establish that the plaintiffs had a reasonable expectation of being compensated. In *Fabian*, the plaintiff agreed to perform legal work in exchange for a bi-weekly salary and discretionary bonuses. *Fabian,* 443 F. Supp. 3d at 594. In negotiating their arrangement, the parties could not reach an agreement on the sharing of legal fees. *Id.* at 594. The plaintiff claimed that he was entitled to a portion of the legal fees recovered by the defendant, but provided no evidence that the defendant ever agreed to such an arrangement. *Id.* at 597. Similarly, in *Williams*, the United States Court of Appeals for the Third Circuit affirmed summary judgment because "[t]he District Court found no evidence that [plaintiff] was justified in any expectation that he would be compensated for his expenses because there was no evidence of any agreement to pay his expenses or hourly rates." *Williams,* 2021 WL 4305032, at *2.

Thus, in both *Fabian* and *Williams*, the plaintiffs failed to establish a reasonable expectation of payment by failing to provide any evidence that the defendants agreed to pay the requested amounts. Here, however, Deemac has provided evidence sufficient to support its claim that, based on the parties' conduct and general course of dealing, Republic agreed to pay the $448,309.78 in dispute. *See supra* Section III.B.1. Evidence of the parties' course of dealing and

17

conduct, combined with Deemac's Damages Spreadsheet and the unpaid invoices it submitted to Republic, creates a genuine issue of material fact over whether Deemac has a reasonable expectation of payment from Republic for the services provided.  Thus, the Court will deny Republic's motion for partial summary judgment (ECF No. 53) on Deemac's unjust enrichment claim for the disputed $448,309.78.

    3.   Count III: Account Stated

       Republic moves for summary judgment on Deemac's claim for account stated (Count III), arguing that Deemac has failed to establish that the parties agreed to a fixed amount of payment due.  Deemac's opposition brief argues that "a partial account stated has been established in the amount of $1,255,221.51 despite the fact that Republic disputes the remaining $448,309.78 claimed by Deemac."  (ECF No. 60, p. 22).  Because the Court granted Deemac's motion for partial summary judgment on its breach of contract claim as it relates to the $1,255,221.51 that Republic admits it owes, the Court "need not assess [Deemac's] alternate theory of liability for the same damages under an account stated claim because defendant cannot recover those damages twice."  *Precision Indus. Equip. v. IPC Eagle*, No. CV 14-3222, 2016 WL 192601, at *10 (E.D. Pa. Jan. 14, 2016); *see also R.W. Sauder, Inc. v. B.F. Agric. Acquisition, LLC*, No. 5:14-CV-00769, 2015 WL 6503385, at *4 (E.D. Pa. Oct. 28, 2015) ("Because the Court finds that Plaintiff has established a cause of action and is entitled to damages . . . under its breach of contract claim in Count I, the Court need not assess Plaintiff's alternative theories of liability[.]").

       Although Deemac's opposition brief focuses on its account stated claim for the undisputed $1,255,221.51, the claim was brought for the entire $1,703,531.29.  (ECF No. 5-1, ¶ 35).  A claim for account stated, like a claim for unjust enrichment, can be pursued as an alternate theory of liability to contract claims.  *See Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 465 (E.D.

Pa. 2008); *R.W. Sauder,* 2015 WL 6503385, at *4.  As such, the Court will assess Republic's motion for summary judgment on Deemac's claim for account stated only as it relates to the remaining $448,309.78.  To support an account stated claim for the disputed $448,309.78, Deemac must establish the following elements: "(1) there has been a running account, (2) a balance remains due, (3) the account has been rendered upon the defendant, and (4) the defendant has assented to the account." *Zimmer Dev. Co., LLC v. TVC Dev. Co., LLC*, No. 20-CV-4465-JMY, 2022 WL 2345746, at *8 (E.D. Pa. June 28, 2022) (internal quotations omitted).  Crucially, "an account stated cannot exist where there is a dispute as to the accuracy or correctness of the debt." *Internazionale Graniti S.R.L. v. Monticello Granite Ltd.*, No. CIV.A.07-1790, 2009 WL 2461803, at *2 (E.D. Pa. Aug. 12, 2009).

Although Republic admits that it owes Deemac $1,255,221.51, there is clearly a dispute over whether Republic owes $448,309.78.  As such, the Court will grant Republic's motion for partial summary judgment (ECF No. 53) on Deemac's account stated claim (Count III) as it relates to the remaining $448,309.78.

4.  <u>Counts IV & V: Fraudulent Inducement & Negligent Misrepresentation</u>

Republic moves for summary judgment on Deemac's claims for fraudulent inducement (Count IV) and negligent misrepresentation (Count V), arguing that the claims are barred by the gist of the action doctrine.  The gist of the action doctrine prevents a party "from pursuing a tort action for the breach of contractual duties in the absence of any separate or independent event giving rise to the tort." *Bull Int'l, Inc. v. MTD Consumer Grp., Inc.*, 654 F. App'x 80, 101 (3d Cir. 2016).  In other words, the doctrine, "precludes tort claims where the true gravamen, or gist, of the claim sounds in contract." *Dommel Properties LLC v. Jonestown Bank & Tr. Co.*, 626 F. App'x 361, 364 (3d Cir. 2015).  The Supreme Court of Pennsylvania reexamined the doctrine in *Bruno*

*v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014) and explained that a determination of whether an action is brought as a claim in tort or contract depends on "the nature of the duty alleged to have been breached." More specifically, it noted that:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Id.* (internal citations omitted). This duty-based approach is "the touchstone standard for ascertaining the true gist or gravamen of a claim pled by a plaintiff in a civil complaint." *Id.* at 69.

Deemac argues that the gist of the action doctrine does not apply to its fraudulent inducement and negligent misrepresentation claims because the claims do not arise from a contract between Deemac and Republic, but from fraudulent misrepresentations and omissions made to induce Deemac to enter into a contract. "Pennsylvania state and federal courts have reached different conclusions about whether the gist of the action doctrine applies to fraudulent inducement claims." *Downs v. Andrews*, 639 F. App'x 816, 820 (3d Cir. 2016). As the Court previously explained, "a fair reading of *Bruno* cannot support the broad exclusion of fraud in the inducement claims from the gist of the action doctrine[.]" *C.J. Hughes Constr. Co., Inc. v. EQM Gathering OPCO, LLC*, No. 2:18-CV-168, 2020 WL 3448383, at *11 (W.D. Pa. June 24, 2020). The Court adheres to this view because "[a] fraud in the inducement claim is, by its very nature, intertwined with the parties' contract. It would not, as *Bruno* explained, 'exist regardless of the contract.'" *Id.* Even when a fraudulent inducement claim, like the one here, alleges that a contracting party made misrepresentations to induce the other party to agree to a contract that the other party has no intention of performing on, "the contract is what governs the parties' relationship." *Id.* Thus,

"[u]nder the gist of the action doctrine, the remedy must be in contract, not in tort." *Id.* Because the Court adheres to the majority view, [3] which "holds that a claim for fraud in the inducement cannot survive the gist of the action doctrine[,]" the Court holds that Deemac's claim for fraudulent inducement is barred by the gist of the action doctrine. *Id.* Applying the same logic, the Court also holds that Deemac's claim for negligent misrepresentation is barred by the gist of the action doctrine. There too, the duty alleged to have been breached would not exist in the absence of the parties' alleged contract.

Given this, the Court will grant Republic's motion for partial summary judgment (ECF No. 53) on Deemac's fraudulent inducement (Count IV) and negligent misrepresentation (Count V) claims. Having done so, the Court need not address Republic's other arguments that the claims are barred by the economic loss doctrine and that Deemac failed to establish essential elements of the claims.

---

[3]  This interpretation of *Bruno* is supported by several other district court decisions. *See e.g., Brackenridge Constr. Co. v. Doerflein*, No. 2:20CV305, 2022 WL 1775715, at *4 (W.D. Pa. Mar. 2, 2022) (holding that plaintiff's fraudulent inducement claim was barred by the gist of the action doctrine because the precontractual statements at issue concerned "specific duties that were later incorporated into the Subcontracts entered into by the parties to this litigation."); *Battle Born Munitions, Inc. v. Dick's Sporting Goods, Inc.*, No. CV 18-1418, 2019 WL 1978429, at *5 (W.D. Pa. May 3, 2019) (dismissing plaintiff's fraudulent inducement and negligent misrepresentation claims under the gist of the action doctrine "because the duties it claims [the defendant] breached through its alleged misrepresentations . . . were created by the express terms of the parties' contracts."); *N. Am. Commc'ns, Inc. v. Herman*, No. CV 3:17-157, 2018 WL 2186422, at *4 (W.D. Pa. May 11, 2018) ("After careful deliberation, the Court agrees with those district courts that have held that the gist of the action doctrine bars tort claims concerning the promisor's intent to perform under the contract."); *Niiaryee v. Davison Design & Dev., Inc.*, No. CV 17-1225, 2018 WL 1072439, at *6 (W.D. Pa. Feb. 27, 2018) ("Because the 'nature of the duty' alleged to be violated arises out of Defendant's contractual promises, and not a broader social duty, the Court will dismiss Plaintiff's fraud and negligent misrepresentation claims pursuant to the 'gist of the action' doctrine.").

## IV.   CONCLUSION

For the reasons set forth above, Deemac's Motion for Partial Summary Judgment (ECF No. 54) on its breach of contract claim for the undisputed $1,255,221.51 will be granted. Deemac's Motion for Partial Summary Judgment (ECF No. 54) as it relates to Republic's Fourth Affirmative Defense of accord and satisfaction will also be granted. Republic's Motion for Partial Summary Judgment (ECF No. 53) on Deemac's breach of contract and unjust enrichment claims for the remaining $448,309.78 will be denied. Republic's Motion for Partial Summary Judgment (ECF No. 53) on Deemac's account stated, fraudulent inducement, and negligent misrepresentation claims for the remaining $448,309.78 will be granted. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

1/25/23
_____
Dated